**SWISHER, Plaintiff, v. LEATHERS, Jr., Defendant.**

Municipal Court, Findlay.

No. 1.   Decided July 3, 1957.

M. E. Monroe, for plaintiff.
G. G. Oxley, for defendant.

## OPINION

By BOPE, J.

On January 5, 1956, plaintiff's petition was filed in this court, setting forth a cause of action alleged to have accrued on January 6, 1954, growing out of the collision of an automobile operated by the defendant with one driven by the plaintiff on West Crawford Street, Findlay, opposite the freight entrance of Woolworth's store. Plaintiff claimed negligence, and that his damages were $83.95, for which amount he asked judgment, and costs.

Summons was issued and served the same day by the bailiff on the defendant personally, notifying him to appear and answer by January 17th.

On January 11th defendant appeared specially by his attorney and moved to quash the service of summons, on two grounds:

(1) That the affidavit verifying the petition, which was signed by the plaintiff's attorney, was not made in compliance with §2309.53 R. C.

(2) That no precipe for summons was filed herein.

Taking up these grounds in inverse order, the court finds:

First, as to the lack of a precipe: Rule 17 of the Tentative Rules of Practice of this court requires a precipe. And Section 21 of the Uniform Municipal Court Act (§1901.21 R. C.), in prescribing generally the criminal and civil procedures for Municipal Courts provides:

"In any civil case or proceeding if no special provision is made in §§1901.01 to 1901.38, inclusive, R. C., the practice and procedure shall be the same as in courts of common pleas. . ."

Sec. 2703.02 R. C., of the Civil Procedure Act requires a precipe, and there is no question that it applies in the Common Pleas Court. But a special provision is found in Section 22 of the Municipal Court Act (§1901.22 R. C.), in the following words:

"Civil actions and proceedings in the municipal court shall be commenced by filing a petition upon which summons or writ shall be issued by the clerk of the municipal court. . ."

Under the well known rule of statutory construction that specific provisions prevail over general provisions, this has been interpreted as imposing on the clerk a duty to issue summons, and therefore, in most situations, a precipe is unnecessary. Zimmerman: Ohio Municipal Court Practice, page 12. Hence our rule must be modified in deference to the statute, and will be so amended.

Second, as to verification of the petition by the attorney:

This question was passed upon by the Supreme Court in 76 Oh St 91, and by the Hamilton Common Pleas in 18 O. D. 449. In the latter case the syllabus reads:

"The verification of a pleading by an attorney or agent must set out specifically one of the grounds for his doing so specified in §5109 R. S." (now §2309.53 R. C.).

These grounds are:

(1) That the facts are within the personal knowledge of the agent or attorney;

(2) That the party is an infant, or of unsound mind, or imprisoned;

(3) That the pleading to be verified is founded upon a written instrument for the payment of money, which is in the possession of the agent or attorney;

(4) That the party is a corporation, or is not a resident of, or is absent from the county.

Since none of these grounds is stated in the affidavit of verification in this case, such verification is legally insufficient, and the petition defective.

The motion to quash the service of summons will be allowed and the petition will be stricken from the files for insufficient verification, at plaintiff's costs. The case will be dismissed.